IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH LAEMMLE,                          )
                                         )
                         Petitioner      )
                                         )
      vs.                                )        Civil Action No. 08-333
                                         )        Chief Magistrate Judge Amy Reynolds Hay
PATRICK MICHAELS, Probation Officer;     )
THOMAS CORBETT, Attorney General         )
of Pennsylvania; STEPHEN A. ZAPPALA,     )
JR., District Attorney of Allegheny County, )
                                         )
                         Respondents     )

MEMORANDUM OPINION

HAY, Chief Magistrate Judge

        Joseph Thomas Laemmle ("Petitioner"), proceeding with counsel, has filed the instant

Section 2254 petition, seeking to challenge his convictions for, inter alia, multiple counts of

Indecent Assault and/or Corruption of Minors,  involving children between the ages of 8 and 13

years old.   Petitioner engaged in the criminal conduct on June 11, 2000 and on June 1, 1999,

more than nine years ago.  Petitioner pled nolo contendere to these charges.  On September 2,

2002, Petitioner received a sentence of imprisonment for 9 to 18 months and a concurrent term of

probation in the aggregate of 10 years. Dkt. [1] at 2, ¶ 4.  Petitioner is currently serving the

sentence of probation.[1]

        Petitioner raises two claims in the current habeas petition:

                Petitioner raises the following grounds (which were not pursued in any of
        said [state court] proceedings due to ineffective assistance of prior counsel –

_____

        [1]  As such, he satisfies the habeas "in custody" requirement.  Leyva v. Williams, 504 F.3d 357,
363 (3d Cir. 2007) ("The [in custody] requirement is satisfied when a petitioner is on probation.").

occurring prior to October 18, 2005 [i.e., the date on which the Post Conviction Relief Act ("PCRA") trial court denied the PCRA petition[2]]– in violation of the Sixth Amendment to the United States Constitution):

GROUND 1:    Whether the court of Common Pleas violated Petitioner's right to Due Process – under the Fourteenth Amendment to the United States Constitution – by failing to inform Petitioner, prior to pleading guilty, of the Megan's Law sexual offender registration requirements and public notice provisions where, had Petitioner known of said requirements/provisions, he would not have pled guilty?

GROUND 2:    Whether plea and sentencing counsel was ineffective was ineffective – in violation of the Sixth and Fourteenth Amendments to the United States Constitution – by failing to inform Petitioner, prior to pleading guilty, of the Megan's law sexual offender registration requirements and public notice provisions where, had Petitioner known of said requirements/provisions, he would not have pled guilty?

Dkt [1] at 7 to 8, ¶ 14.

Because the petition is time barred, it should be dismissed.  In the alternative, because the two issues are procedurally defaulted, the petition should be dismissed.  In the alternative, because the issues are meritless, the petition should be dismissed.

I.    Relevant Procedural and Factual History

Petitioner, through the same counsel who had represented Petitioner on appeal to the Superior Court during the PCRA proceedings (but not during the PCRA trial Court proceedings) filed the instant habeas petition on March 5, 2008.   Respondents filed their answer, Dkt. [7], in which they raised the following defenses: (1) AEDPA's statute of limitations, (2) procedural default and (3) failure to show entitlement to relief under the Antiterrorism and Effective Death

---

[2] Dkt. [9-5] at 1 ("The Defendant appeals from this Court's order of October 18, 2005, which dismissed his Post Conviction Relief Act Petition . . . .").

Penalty Act of 1996 ("AEDPA") on the merits.  Dkt. [7].  Thereafter the Respondents filed a

Supplemental Answer that contained copies of many of the relevant state vourt records as well as

of the state court dockets.  Dkt. [9].  Petitioner did not file a traverse. All parties have consented to

the plenary exercise of jurisdiction by the Magistrate Judge.  Dkt. [4] &  [10].

II.    <u>Discussion</u>

    A.    <u>The Petition is time barred</u>

The Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal

("PAA") in the direct appeal on November 9, 2004.  <u>Commonwealth v. Laemmle</u>, 862 A.2d 1254

(Table) (Pa. Nov. 9, 2004).  Petitioner's conviction became final for AEDPA purposes 90 days

thereafter, i.e., February 7, 2005.  <u>See</u> United States Supreme Court Rule 13 (providing that a

petition for certiorari must be filed no later than 90 days after entry of an order denying

discretionary review by the state court of last resort); <u>Stokes v. District Attorney of Philadelphia</u>,

247 F.3d 539, 542 (3d Cir. 2001)(explaining that AEDPA's phrase "became final by ... expiration

of time for seeking [direct] ... review" includes the 90 days time in which to seek certiorari);

<u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999).

Petitioner did not file his PCRA petition until May 13, 2005, when his apparently privately

retained counsel filed a PCRA petition on his behalf.  Dkt. [9-5] at 1 to 6.  Accordingly, from

February 7, 2005 until May 12, 2005,[3] a total of 94 days of AEDPA's 365 day statute of

---

[3] We do not count May 13, 2005 because as of that date a PCRA petition was "pending" for at
least a portion of that date within the meaning of 28 U.S.C. § 2244(d)(2) and hence, under AEDPA, the
statute of limitations was tolled, i.e., did not run, as of May 13, 2005.  <u>See</u> <u>Freeman v. Pew</u>, 59 F.2d
1037, 1037 (D.C. Cir. 1932) ("it has long been the settled doctrine that the law, disregarding fractions,
takes the entire day as the unit of time.");  <u>In re Susquehanna Chemical Corp.</u>, 81 F.Supp. 1, 9 (W.D. Pa.
1948)(general rule is that fractions of a day are to be disregarded), <u>aff'd</u>, 174 F.2d 783 (3d Cir. 1949).

limitations passed.[4]   The PCRA petition remained "pending" only until May 23, 2007, when the

Pennsylvania State Supreme Court denied it.  Commonwealth v. Laemmle, 923 A.2d 1173

(Table) (Pa. May 23, 2007).  Stokes v. District Attorney of Philadelphia County, 247 F.3d 539,

542 (3d Cir. 2001)(90 day period in which to file a petition for certiorari after discretionary review

by the State Supreme Court in post conviction proceedings does not toll AEDPA's statute of

limitations).  Because the PCRA petition was pending for at least a portion of May 23, 2007, and

hence, the AEDPA statute of limitations was tolled.  The statute of limitations did not begin to run

again until May 24, 2007.  It then continued to run until March 5, 2008, the date whereon counsel

filed the instant habeas petition.  A total of 286 days passed between May 24, 2007 and March 5,

2008.[5]   Adding those days to the 94 days that previously passed (between the date Petitioner's

conviction became final and the date he filed his PCRA petition) provides the sum total of 380

days or 15 days beyond the AEDPA one year statute of limitations.

As noted previously, the Respondents invoked AEDPA's Statute of limitations and

Petitioner did not file a traverse arguing against the application of the Statute of limitations.  In the

habeas petition, the sole reference to AEDPA's statute of limitations is the following:

"TIMELINESS OF MOTION: This motion is timely commenced pursuant to 28 U.S.C. §

2254(d)(1)(A) and (2)."  Dkt. [1] at 8, ¶ 18.  We find that the petition is time barred and should be

dismissed as such.

---

[4]  For purposes of AEDPA's one year statute of limitations, a "year" means 365 days.  See
Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001); Stokes v. Miller, 216 F.Supp.2d 169 (S.D.N.Y.
2000).

[5]  We note in passing that the attorney who filed Petitioner's PAA in the State Supreme Court is
the very same attorney who filed the instant habeas petition in this court.

4

B.      The Petition is Procedurally Defaulted

Petitioner concedes that he never raised the issues in the state courts which he is now raising in his habeas petition.  Dkt. [1] at 7 to 8, ¶ 14 ("Petitioner raises the following grounds (**which were not pursued in any of said [state court] proceedings** due to ineffective assistance of prior counsel – occurring prior to October 18, 2005 [i.e., the date on which the PCRA trial court denied the PCRA petition]– in violation of the Sixth Amendment to the United States Constitution")(emphasis added).   The rule is where one has never raised an issue in the state courts and could not presently go back and do so, then the issue is procedurally defaulted.  See, e.g., Herring v. Secretary, Dept. of Corrections, 397 F.3d 1338, 1343 (11th Cir. 2005) (a "procedural default arises in two situations: (1) where the state court itself correctly applies state law procedural bar principles to conclude a federal claim is barred; and (2) where a claim was never raised in state court, and it is clear the unexhausted claim would now be barred under state law procedural bar principles."); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998)(habeas petitioner's challenges to imposition of death penalty in his case and in Virginia generally were procedurally defaulted, where two such claims were never raised in state court);  O'Guinn v. Dutton, 88 F.3d 1409, 1454-55 (6th Cir. 1996)("O'Guinn never raised any of these claims on direct appeal or in any of his post-conviction motions. The Tennessee Post-Conviction Procedures Act contains a three-year statute of limitations period for filing claims that were clearly available to the petitioner during that time period. . . . Because of his failure to raise timely these claims, no state post-conviction remedy is available in which to raise them now. . . . Under Teague and Wainwright v. Sykes, 433 U.S. 72 (1977), O'Guinn is barred from raising these claims unless he can show both cause for the default and prejudice resulting from it.");  Felts v. Tennis,  Civ. A.

No. 07-2035, 2008 WL 2954660, at *6 (E.D.Pa. July 30, 2008) ("In general, if the state court did not consider a claim because the prisoner did not raise it, it is considered procedurally defaulted and a federal court may not review it."). Here, Petitioner could not go back to the State Courts now because any PCRA petition now filed would be time barred. Petitioner has concededly procedurally defaulted his claims. Petitioner does not offer any reason for excusing the procedural default nor, on this record, does there appear to be any reason.

> C.     The Petition does not merit relief

Even if not procedurally defaulted, the only proper way for the current issues to be presented to this Court would be as an ineffective assistance of counsel claim, and that is perhaps the reason for the way in which Petitioner phrased his issues (i.e., via ineffectiveness of counsel in violation of the Sixth Amendment[6]). However, even when considered as an ineffectiveness claim, upon proper analysis it becomes apparent that the claim affords Petitioner no relief.

Given the way Petitioner phrased his issue of ineffectiveness as having occurred prior to October 18, 2005, i.e., the date whereon the PCRA trial Court denied the PCRA petition, Petitioner's claim herein must be that his PCRA trial level counsel was ineffective for failing to raise the ineffectiveness of all prior counsel for their failure to raise the two federal constitutional law issues Petitioner now raises herein. However, it is well settled that ineffective assistance of counsel cannot serve as a basis for the grant of federal habeas relief unless there is federal Constitutional right to counsel at the stage of proceedings where the alleged ineffectiveness

---

[6] Dkt [1] at 7 to 8, ¶ 14 ( "Petitioner raises the following grounds (which were not pursued in any of said [state court] proceedings **due to ineffective assistance of prior counsel – occurring prior to October 18, 2005** [i.e., the date on which the PCRA trial court denied the PCRA petition]– **in violation of the Sixth Amendment to the United States Constitution**)") (emphasis added).

6

occurred.  In Petitioner's case, at the stage of the PCRA proceedings, where the alleged

ineffectiveness occurred, there is no such federal Constitutional right to counsel.  Coleman v.

Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state

post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective

assistance of counsel in such proceedings.")(citations omitted);  Hull v. Freeman, 991 F.2d 86, 91

(3d Cir. 1993) ("Under Coleman, ineffective assistance of post-conviction counsel cannot

constitute 'cause' because the Sixth Amendment does not entitle a defendant to post-conviction

counsel").  Neither is there a substantive due process right to counsel in post conviction

proceedings.  Jacobs v. McDaniel, 139 F.3d 905 (Table); 1998 WL 78440, at *1 (9th Cir.

1998)("Jacobs' claim that he was denied due process because the state habeas court refused to

appoint counsel at the evidentiary hearing fails for lack of a right to counsel in state collateral

proceedings."); Gibson v. Public Advocacy Dept., 35 F.3d 565 (Table), 1994 WL 462160 at *2

(6th Cir. 1994)("Similarly, neither the Due Process Clause of the Fourteenth Amendment nor the

equal protection guarantee of 'meaningful access' to the courts requires the defendants to appoint

counsel for Gibson [in state post conviction proceedings].  See Murray v. Giarratano, 492 U.S. 1,

7 (1989). Thus, it is beyond a doubt that Gibson has no federal constitutional right to counsel . . .

."); Pursell v. Horn, 187 F.Supp.2d 260, 373 (W.D. Pa. 2002)(holding in a death penalty case that

"the due process clause does not require counsel for state post-conviction proceedings, whether

state law requires such counsel or not.").   Hence, properly analyzed, the proper issue before the

court, i.e., a claim that PCRA trial level counsel was ineffective for failing to raise the

ineffectiveness of all prior counsel for their failures to raise the two issues Petitioner attempts to

raise herein, is simply not an issue that can afford Petitioner relief.

In the alternative, even if we were to address the issues directly and on the merits under AEDPA, we would find that Petitioner has not carried his burden to show entitlement to relief thereunder.

Petitioner's claim is twofold: (1) the plea court violated Petitioner's substantive due process rights because it did not inform him of the fact of the Megan's law requirements to be imposed upon him, thereby rendering his plea unknowing, and (2) his plea counsel was ineffective for failing to inform him of the Megan's law requirements, thereby rendering his plea unknowing and necessarily all subsequent counsel were ineffective for failing to raise this issue of plea counsel's ineffectiveness.  Petitioner has not carried his burden to show that the state court's disposition of these claims was contrary to federal Supreme Court precedent nor an unreasonable determination of the facts.

We take up the first claim first.   The rule is that only when a defendant is not fairly apprized of the direct consequences of pleading guilty, then he may challenge his guilty plea under the Due Process Clause.  Mabry v. Johnson, 467 U.S. 504, 509 (1984), disapproved of on other grounds in, Puckett v. U.S., __ U.S. __, __, 129 S.Ct. 1423,1430 n.1 (2009).  However, the failure to advise a defendant about the possible adverse collateral consequences of a guilty plea does not offend due process concerns.  Parry v. Rosemeyer, 64 F.3d 110 (3d Cir. 1995), superceded by statute on other grounds as recognized in, Dickerson v. Vaughn, 90 F.3d 87 (3d Cir. 1996).  The Court of Appeals for the Third Circuit has explained that a "direct" consequence is one that has a definite, immediate, and largely automatic effect on the range of the defendant's punishment.  Id. at 113.  "The only consequences considered direct are the maximum prison term and fine for the offense charged."  Id. at 114 (citing United States v. Salmon, 944 F.2d 1106, 1130

8

(3d Cir. 1991)).  As the Supreme Court has observed:

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision.  A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. . . .  We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.

Brady v. United States, 397 U.S. 742, 757 (1970).

In addressing this issue,[7] the Superior Court held as follows:

---

[7]  We note that above, we held Petitioner's claims were procedurally defaulted, based upon Petitioner's concession that he never presented a substantive due process Fourteenth Amendment constitutional claim to the state courts.  While it appears that he may have presented a similar claim to the state courts, it is not clear to this Court that the two issues were "substantially equivalent." For claims to be "fairly presented" in state court, claims raised in state court must be "substantially equivalent to those raised in federal court."  Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).  Furthermore, not only must the facts presented to the state courts and the federal habeas courts be the same but the legal theories based on those facts presented to the state courts must be the same legal theories presented to the federal habeas court.  Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986)("Both the legal theory and the facts on which a federal claim rests must have been presented to the state courts.").  Instantly, this Court finds that, for purposes of the procedural default analysis above, based upon Petitioner's concession, the claims presented in state court and the claims presented here are not "substantially equivalent."  Compare Dkt. [1] at 8, ¶ 14 ("Ground 1: Whether the Court of Common Pleas violated Petitioner's right to Due Process – under the Fourteenth Amendment to the United States Constitution – by failing to inform Petitioner, prior to pleading guilty, of the Megan's law sexual offender registration requirements . . . ." with Dkt. [9-6] at 16 to 17 ("THE [PCRA] TRIAL COURT FURTHER ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S POST-CONVICTION RELIEF ACT PETITION WHERE HIS NOLO CONTENDERE PLEA WAS A PRODUCT OF A CONSTITUTIONALLY DEFECTIVE PLEA COLLOQUY, INEFFECTIVE ASSISTANCE OF COUNSEL, AND UNLAWFUL INDUCEMENT BECAUSE THE APPELLANT WAS NEVER INFORMED THAT HE WOULD BE SUBJECT TO REGISTRATION AS A SEXUAL PREDATOR UNDER THE MEGAN'S LAW UPON ENTERING HIS PLEA.")(this is the heading of the argument portion of the brief presented to the Superior Court in the PCRA appeal). Even if however, the issues presented herein and the issues presented in the state court were "substantially equivalent" (contrary to Petitioner's concession), we decide, in the alternative, that the issues do not merit relief.

Appellant next contends his plea was unlawfully induced as a result of the trial court and plea counsel failing to advise him of the requirements of Megan's law.

We find our disposition in *Commonwealth v. Leidig*, 850 A.2d 743 (Pa. Super. 2004) is controlling.  There, we found that the registration requirement under Megan's law is a collateral consequence of a plea, and the failure of the court to apprise a defendants of it does not render the plea unknowing or involuntary.  850 A.2d at 748; *see also Commonwealth v. Benner*, 853 A.2d 1068 (Pa. Super. 2004).  Therefore, in the instant case, the failure of the trial court and plea counsel to advise Appellant concerning the registration requirements prior to accepting his plea does not invalidate his *nolo contendere* plea.[6]  Accordingly, we find that Appellant is not entitled to relief.

-------------------------------------------------

[6] Although Appellant asserts that he had no idea that he would be subject to Megan's Law registration, we find the record belies his contention.  During the hearing on the motion to the withdraw [sic] guilty plea, the prosecutor submitted that Appellant was well apprised of the requirements.  The prosecutor indicated that Appellant was present when she and plea counsel discussed Megan's Law at length while they sat in the jury room and picked a jury.  N.T. Motion to Withdraw Guilty Plea Hearing, 10/31/02, at 6. Furthermore, the trial court pointed out during the plea hearing the prosecutor indicated that she had the required DNA forms and that a Megan's Law Evaluation would be conducted.

Dkt. [9-6] at 36.   Petitioner has cited no federal Supreme Court precedent nor has he even argued

that such a disposition is contrary to or an unreasonable application of then extant federal

Supreme Court precedent.  For this reason alone,he fails to show that he merits relief under

AEDPA.  Indeed, Petitioner argues this case as if it were on direct appeal and as if this Curt sat as

an appellate court to the State Courts.  In fact, AEDPA provides the relevant standards by which a

federal court is to conduct its review in federal habeas proceedings and those standards require

that the habeas Petitioner establish that the state courts' adjudication of his claims were either

contrary to or an unreasonable application of Supreme Court precedent.  Nowhere does Petitioner

explicitly argue that the State Courts' adjudication of his claim was contrary to or an unreasonable

application of any United States Supreme Court case, as is his burden.  <u>Downing v. Del Papa</u>, 145 Fed.Appx. 578, 580 (9th Cir. 2005)("Downing fails to **argue** how the Nevada Supreme Court's judgment resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States")(emphasis added); <u>Anderson v. Secretary for Dept. of Corrections</u>, 462 F.3d 1319, 1325 (11th Cir. 2006) ("Petitioner had not met his burden of showing the state courts' decisions were 'contrary to' or 'an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States.'"); <u>Sepulveda v. U.S.</u>, 330 F.3d 55, 66 (1st Cir. 2003) (AEDPA requires state "petitioners to bear a different burden; they must demonstrate that the state court's adjudication of the claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"); <u>Peterson v. Krysevig</u>, Civ. A. No. 07-947, 2008 WL 4372940, at *8 (W.D.Pa., Sept. 22, 2008)("[I]t is petitioner's burden to prove the state courts' disposition of a federal claim is either contrary to or an unreasonable application of clearly established federal law.") (<u>citing</u> <u>Matteo v. Superintendent, SCI-Albion</u>, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Hence, based on his failure to even argue the AEDPA standards, Petitioner fails to establish entitlement to relief under AEDPA.

Nor would an argument that the Superior Court's disposition of this claim is contrary to or an unreasonable application of federal Supreme Court precedent be persuasive.  What the Seventh Circuit Court of Appeals recently held in a case remarkably similar to the case at hand, applies equally herein.  That Court held that

Mr. Virsnieks' claim that his plea cannot stand because he was not informed

11

adequately about the potential that he would be ordered to register as a sex offender cannot succeed for an additional reason. The registration order was a collateral consequence about which the State was not required to inform him. The Supreme Court has held that a guilty plea is voluntary and intelligent if the defendant enters the plea with full awareness of its "direct consequences." Brady, 397 U.S. at 755, 90 S.Ct. 1463. Thus, although a defendant must be informed of the direct consequences flowing from a plea, he need not be informed of collateral consequences.[10] Warren v. Richland County Circuit Court, 223 F.3d 454, 457 (7th Cir. 2000).[11]

------------------------------------------

[10]. We have defined direct consequences as the "immediate, and automatic consequences of the guilty plea." United States v. Jordan, 870 F.2d 1310, 1317 (7th Cir. 1989) (internal quotation marks and citation omitted); see also Little v. Crawford, 449 F.3d 1075, 1080 (9th Cir. 2006); Wilson v. McGinnis, 413 F.3d 196, 199 (2d Cir. 2005); Steele v. Murphy, 365 F.3d 14, 17 (1st Cir. 2004); George v. Black, 732 F.2d 108, 110 (8th Cir. 1984); Bryant v. Cherry, 687 F.2d 48, 49-50 (4th Cir. 1982).

[11]. See also Wilson, 413 F.3d at 199-200; Steele, 365 F.3d at 17; United States v. Sambro, 454 F.2d 918, 922 (D.C.Cir.1971) (en banc) ("We presume that the Supreme Court meant what it said when it used the word 'direct'; by doing so, it excluded collateral consequences." (emphasis in original)).

The Supreme Court has not delimited comprehensively the particular consequences that are direct or collateral for purposes of evaluating the voluntariness of a guilty plea. See Dalton v. Battaglia, 402 F.3d 729, 733 (7th Cir. 2005). Under its "contrary to" clause, AEDPA prohibits a federal court from granting habeas relief unless the state court's decision contradicts "clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As we have explained previously, "[t]here can be no Supreme Court precedent to be contradicted or unreasonably applied," and therefore no habeas relief, when there is no Supreme Court precedent on point or where the Court has reserved the question. Lockhart v. Chandler, 446 F.3d 721, 724 (7th Cir. 2006); Simpson v. Battaglia, 458 F.3d 585, 597 (7th Cir. 2006).

To a very limited extent, reference to lower court holdings may be evidence of a rule mandated implicitly by the Supreme Court. For example, we held in Dalton that, for purposes of habeas review under AEDPA, the potential length of incarceration to which a prisoner exposed himself by pleading guilty was a direct consequence of a guilty plea. Dalton, 402 F.3d at 733.

Unlike in Dalton, the issue here-whether being ordered to register as a sexual offender is a direct or collateral consequence-is not sufficiently clear cut to permit us to conclude that the state court's decision was contrary to, or an unreasonable application of, Brady. Indeed, to the very limited extent that the decisions of the courts of appeals can "guide us in determining what constitutes an unreasonable application" of clearly established Supreme Court precedent, see Wilson v. McGinnis, 413 F.3d 196, 199 (2d Cir. 2005), these decisions indicate that no clearly established federal law requires that defendants be informed of the possibility that they could be ordered to register as sexual offenders. See, e.g., Steele, 365 F.3d at 16-17 (holding that "the possibility of commitment for life as a sexually dangerous person is a collateral consequence of pleading guilty"); Warren, 223 F.3d at 456 (holding that the failure of a state court to inform a defendant prior to his Alford plea of the possibility that his probation could be revoked if he did not admit during counseling sessions that he had committed a sexual offense is a collateral consequence); George v. Black, 732 F.2d 108, 110 (8th Cir. 1984) (holding that the possibility of confinement pursuant to civil commitment proceedings after the expiration of a criminal sentence is a collateral consequence); cf. United States v. Kikuyama, 109 F.3d 536, 538 (9th Cir. 1997) (holding that a "consequence is 'collateral' where it lies within the discretion of the court to impose it" and therefore that a defendant's consecutive sentence was collateral); Wall v. United States, 500 F.2d 38, 39 (10th Cir. 1974) (same).

Virsnieks v. Smith, 521 F.3d 707, 715-16 (7th Cir. 2008). In view of the foregoing, we find first that Petitioner has failed to carry his burden under AEDPA to show that the Superior Court's disposition was contrary to or an unreasonable application of then extant federal Supreme Court precedent. In the alternative, even if we reviewed this issue de novo, we conclude that there was no substantive due process violation in the alleged failure of the plea and sentencing court to inform Petitioner of the Megan's law requirements as the Megan's law requirements are merely "collateral consequences."

As to the second issue, i.e., that his plea counsel was ineffective for failing to inform him of the Megan's law requirements, we find Petitioner has not established prejudice because the Superior Court expressly found that the Petitioner did, in fact, know of the Megan's law

13

requirements.  Dkt. [9-6] at 36 n.6 ("Although Appellant asserts that he had no idea that he would be subject to Megan's Law registration, we find the record belies his contention.  During the hearing on the motion to the withdraw [sic] guilty plea, the prosecutor submitted that Appellant was well apprised of the requirements.  The prosecutor indicated that Appellant was present when she and plea counsel discussed Megan's Law at length while they sat in the jury room and picked a jury.  N.T. Motion to Withdraw Guilty Plea Hearing, 10/31/02, at 6.").  Hence, the fact that his plea counsel may not have personally informed Petitioner of the Megan law requirements, does not establish that Petitioner did not know of those requirements and the state Superior Court's finding of fact that Petitioner did indeed know of those requirements essentially checkmates Petitioner from establishing any prejudice.   U.S. v. Boysaw, NO. CRIM 7:03CR00128-1, 2009 WL 1797869, at *7 (W.D.Va., June 23, 2009)("the court finds that Boysaw has not demonstrated prejudice in counsel's alleged failure to notify him of the letter, since Boysaw already knew the information contained in the letter").  Nor does Petitioner even argue that such a factual finding is an unreasonable determination of the facts as required under AEDPA.  Having not even argued such, he fails to carry his burden to establish such.  Stenson v. Lambert, 504 F.3d 873, 883 (9th Cir. 2007)("But Stenson's burden under 28 U.S.C. § 2254(d)(2) is to demonstrate that the Washington court's finding that his request was equivocal 'was based on an unreasonable determination of the facts....'").

Accordingly, for any or all of the foregoing reasons, the petition is properly denied.  An appropriate Order follows.

/s/ Amy Reynolds Hay
Chief United States Magistrate Judge

cc:    All counsel of record by Notice of Electronic Filing